# Appendix A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA | : |
| | : Crim. No. 3:92CR68-03 |
| v. | : |
| | : Civil No. _____ |
| JAMES H. ROANE, JR. | : |
| | : |

## MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255

James H. Roane, Jr., a prisoner in the custody of the United States sentenced to death and housed at the United States Penitentiary, Terre Haute, Indiana, respectfully moves this Court to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255. In support of this motion, Mr. Roane states the following:

## INTRODUCTION

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague because its definition of a violent felony "required courts to assess the hypothetical risk posed by an abstract generic version of the [underlying] offense." *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016). While leaving undisturbed the "many laws that 'require

1

gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*,'" *id.* (quoting *Johnson*, 135 S. Ct. at 2561 (emphasis in *Johnson*)), the Court found the clause impermissibly vague because it required courts to envision conduct that a crime involves in the "ordinary case" and "to judge whether that abstraction presents a serious risk of potential injury," *Johnson*, 135 S. Ct. at 2557.

Mr. Roane was convicted of four counts of using a firearm in the commission of a crime of violence. *See* 18 U.S.C. § 924(c). Specifically, the four counts alleged use of a firearm in the course of killings, three of which were alleged to have been committed in furtherance of a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848(b)(1)(A), and all four of which were alleged to have been committed in furtherance of racketeering activity, in violation of 18 U.S.C. § 1959(a).

To qualify as a crime of violence, these underlying offenses must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." Mr. Roane's convictions cannot be upheld under § 924(c)(3)(B)'s residual clause, because its definition of a crime of violence requires the same "ordinary case" approach that the Supreme Court deemed unconstitutional in *Johnson*. The plain language of § 924(e)(2)(B)(ii) and § 924(c)(3)(B) is similar, and the Fourth Circuit and courts nationwide have recognized that the provisions are analogous. Mr.

Roane's convictions likewise cannot be upheld under the force clause because killing in furtherance of a CCE and murder in furtherance of racketeering activity may each be committed without the intentional use of physical force that this clause requires. Accordingly, after *Johnson*, Mr. Roane's four convictions under § 924(c) are void for vagueness in violation of the Fifth Amendment's guarantee of due process. These convictions are unconstitutional and illegal.

## **PROCEDURAL HISTORY**

Following a jury trial in the Eastern District of Virginia, Mr. Roane was convicted in 1993 of several counts, including the four § 924(c) counts at issue in this motion and three counts of killing in furtherance of a CCE. He received life sentences on two of the CCE counts and a death sentence on the third. The four § 924(c) counts were based on four killings. For three of the killings, the jury found both that Mr. Roane committed the acts in furtherance of a CCE and in aid of racketeering activity. For the fourth killing, of Torrick Brown, Jr., the jury found only that it was committed in aid of racketeering activity. *See* Verdict Sheet, (Exhibit 1). The Fourth Circuit affirmed. *See United States v. Tipton*, 90 F.3d 861, 869-70 (4th Cir. 1996). The U.S. Supreme Court denied certiorari. *Roane v. United States*, 520 U.S. 1253 (1997).

Mr. Roane subsequently filed a motion under 28 U.S.C. § 2255 in this Court and was granted relief as to the CCE count that served as the basis for his death

sentence. *See* Order, *United States v. Roane*, No. 92-68 (E.D. Va. May 1, 2003). The Fourth Circuit reversed and denied relief. *United States v. Roane*, 378 F.3d 382, 411 (4th Cir. 2004). Again, the U.S. Supreme Court denied certiorari. *Roane v. United States*, 546 U.S. 810 (2005).

In 2009, Mr. Roane presented the Fourth Circuit with newly discovered evidence demonstrating that Mr. Roane is actually innocent of the CCE killing for which he received a death sentence. The court denied leave to file a successive motion under § 2255. Order, *In re Roane*, No. 09-8 (4th Cir. July 13, 2010). Mr. Roane also filed an original habeas petition in the U.S. Supreme Court, which was denied. *In re Roane*, 132 S. Ct. 390 (2011).

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally void for vagueness in violation of the Fifth Amendment's guarantee of due process. On April 18, 2016, the Court held that Johnson applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).[1]

---

[1] This motion was attached as Appendix A to Mr. Roane's Application to File Second or Successive Motion Pursuant to 28 U.S.C. §§ 2244(b) and 2255(h), which was filed in the Fourth Circuit on May 20, 2016.

# ARGUMENT

The alleged crimes of violence—killing in furtherance of a CCE and murder in aid of racketeering activity—underlying Mr. Roane's four convictions for the use of a firearm during a crime of violence do not qualify as crimes of violence under 18 U.S.C. § 924(c). Section 924(c) defines a crime of violence in two alternate clauses: the force clause under § 924(c)(3)(A) and the residual clause under § 924(c)(3)(B). Mr. Roane first shows that, under *Johnson*, the residual clause of § 924(c)(3)(B) is void for vagueness. The validity of Mr. Roane's four § 924(c) convictions thus depends on one of these crimes qualifying as a crime of violence under the force clause. However, under case law from within and outside this circuit, killing in furtherance of a CCE and murder in aid of racketeering activity are not categorically crimes of violence under the force clause of § 924(c)(3)(A). Consequently, after *Johnson*, Mr. Roane's convictions—and the sentences they affect, including his death sentence—are unconstitutional and invalid.

## I. PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE.

Under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause of § 924(c)(3)(B) is void for vagueness. In *Johnson*, the Supreme Court analyzed the ACCA residual clause, 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "involves conduct that presents a serious potential risk of

5

physical injury to another"), which parallels in all material respects § 924(c)(3)(B)'s residual clause (defining a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used"). As § 924(c)(3)(B) suffers from the same flaws that compelled the Supreme Court to declare § 924(e) unconstitutionally vague, § 924(c)(3)(B) is unconstitutional as well. Consequently, Mr. Roane's four § 924(c) convictions cannot be upheld under the residual clause.

**A. *Johnson* Expressly Rejected the "Ordinary Case" Approach to Determining Whether a Crime Is Intrinsically Violent.**

In *Johnson*, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague because the process by which courts categorize convictions as violent is unacceptably "wide ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. The Court began by reaffirming that, under *Taylor v. United States*, 495 U.S. 575 (1990), the residual clause requires the categorical approach to determine whether a particular statute is a crime of violence. *Johnson*, 135 S. Ct. at 2557, 2562. Courts must therefore assess whether a crime is a violent felony "'in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion.'" *Id.* at 2562 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

The Court observed that, under its precedents, the residual clause "require[d] a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury." *Johnson*, 135 S. Ct. at 2557 (citation omitted). But "grave uncertainty" abounds in determining "how to estimate the risk posed by a crime" in the "judicially imagined 'ordinary case'" because "[t]he residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves." *Id*. The Court thus concluded that the process of determining what is embodied in the "ordinary case" is fatally flawed and unconstitutionally vague. *Id*. at 2557–58.

This flaw alone established the residual clause's unconstitutional vagueness, but a closely related defect exacerbated the problem. *Id*. The residual clause lacked a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute was enough to constitute a "serious potential risk of physical injury." *Id*. at 2558. Although the level of risk required under the residual clause could arguably be similar to that of the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), *Johnson* rejected the notion that comparing the risk posed by an "ordinary case" to the risk posed by enumerated offenses would cure the constitutional problem. *Id*. The Court held that the indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary case" analysis is more than the "Due Process Clause tolerates." *Id*.

7

Thus, *Johnson* not only invalidated the ACCA residual clause; it invalidated the "ordinary case" analysis in determining the violence inherent in crimes. *See id.*

### B. *Johnson* Renders § 924(c)(3)(B) Unconstitutionally Vague.

The residual clause in § 924(c) suffers the same defects as the ACCA residual clause in § 924(e). The language of the provisions is similar; the federal courts treat the provisions the same; and both provisions depend on the now-abrogated "ordinary case" analysis.

Section 924(e) defines a "violent felony" to include those that involve "a serious potential risk" of "physical injury" to another person. Section 924(c) defines a "crime of violence" to include those that involve "a substantial risk" that "physical force" may be used against a person or property. Both provisions thus define violent crimes according to their intrinsic risk that they may involve physical force or injury. Although the risk at issue in § 924(e) is a risk of physical injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*'s rationale. The Supreme Court's holding did not turn on the type of risk at issue but rather on how courts assess and quantify the risk intrinsic in a crime.

Federal courts have recognized that § 924(e)'s residual clause is similar to § 924(c)(3)(B) and to the identical provision in 18 U.S.C. § 16(b). *See, e.g.*, *Chambers v. United States*, 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring)

(Section 16(b) "closely resembles ACCA's residual clause"); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret the definition of crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same); *see also United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA residual clause and § 16(b) as "analogous"); *Roberts v. Holder*, 745 F.3d 928, 930–31 (8th Cir. 2014) (ACCA's definition of a violent felony is "virtually identical to § 16(b)"); *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008) ("The present case involves the term 'crime of violence' whereas the Supreme Court in *Begay* interpreted the term 'violent felony.' We have never recognized a distinction between the two.").

Under § 924(c), just as under § 924(e), a court must first picture the "ordinary case" and then decide if it categorically qualifies as a crime of violence by assessing the intrinsic risk posed. *See United States v. McNeal*, No. 14–4871, 2016 WL 1178823, at *8 (4th Cir. Mar. 28, 2016) ("In determining whether an offense is a crime of violence under either [the force clause or the residual clause], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case."); *United States v. Fuertes*, 805 F.3d 485, 498–99 (4th Cir. 2015) (explaining that, to determine whether a predicate

offense qualifies as a crime of violence under § 924(c), courts must use the categorical approach and look to the statutory definition of the offense).[2]

Indeed, in litigating *Johnson*, the United States agreed that the residual clauses in § 924(e) and § 924(c) posed the same problem. After noting that the definitions of crime of violence in the residual clauses of § 924(c) and § 16(b) are identical, the Solicitor General stated:

> Although Section 16 refers to the risk that *force* will be used rather than that *injury* will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

Supplemental Brief for the United States, *Johnson v. United States*, 135 S. Ct. 2551, 2015 WL 1284964, at *22–23 (Mar. 20, 2015) (emphasis in original). The Solicitor General's analysis was undoubtedly correct. The residual clauses in both

---

[2]*Accord United States v. Serafin*, 562 F.3d 1105, 1107 (10th Cir. 2009) (explaining the court employs a "categorical approach" when determining whether a crime qualifies as a crime of violence for purposes of § 924(c), and does not consider the particular facts of conviction); *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (same); *United States v. Jennings*, 195 F.3d 795, 797–98 (5th Cir. 1999) (same); *United States v. Amparo*, 68 F.3d 1222 (9th Cir. 1995) ("This circuit has adopted a categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence'"); *United States v. Moore*, 38 F.3d 977, 980 (8th Cir. 1994) (explaining, when analyzing whether a predicate crime falls within the residual clause of § 924(c), "the question is not whether the particular facts constitute a crime of violence, but whether [the predicate crime itself] is a crime of violence," and in making this determination, courts must look to the elements of the crime, not the particular facts of the crime, to determine whether "by its nature" there is a "substantial risk that physical force will be used).

§ 924(c) and § 924(e) require an "ordinary case" analysis to assess the predicate offense, and both require speculation about how risky that ordinary case is.

Because this is the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional, as various federal courts have recognized.[3] *United States v. Bell*, No. 15–00258, 2016 WL 344749, at *11–*13 (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 99–CR–00433, 2016 WL 393545, at *3–*6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15, 2015 WL 9311983, at *2–*6 (D. Md. Dec. 23, 2015).

Consequently, in light of *Johnson*, Roane's convictions for the use of a firearm during a crime of violence under § 924(c) cannot rest upon any alleged crime of violence qualifying under the unconstitutionally vague residual clause of § 924(c)(3)(B).

## II. KILLING UNDER § 848(e)(1)(A) AND MURDER UNDER § 1959(a) DO NOT QUALIFY AS CRIMES OF VIOLENCE UNDER THE FORCE CLAUSE OF § 924(c)(3)(A).

Because § 924(c)(3)(B)'s residual clause is unconstitutionally vague in light of *Johnson*, Mr. Roane's four convictions under § 924(c) must qualify as crimes of violence under § 924(c)(3)(A)'s force clause to remain valid. However, the

---

[3] The Seventh and Ninth Circuits have also held that the residual clause of § 16, which is identical to the residual clause in § 924(c), is sufficiently similar to the residual clause in § 924(e) and thus unconstitutionally vague. *See United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

alleged crimes of violence in this case, killing under § 848(e)(1)(A) and murder under § 1959(a), do not qualify as crimes of violence under the force clause.

To determine whether a predicate offense qualifies as a crime of violence under § 924(c), this Court must use the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. McNeal*, No. 14–4871, 2016 WL 1178823, at *8 (4th Cir. Mar. 28, 2016); *Fuertes*, 805 F.3d at 498. This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 133 S. Ct. at 2283 (citation omitted); *see also McNeal*, 2016 WL 1178823, at *8 ("In determining whether an offense is a crime of violence under either clause [of § 924(c)], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case.").

Applying the categorical approach, killing in furtherance of a CCE and murder in aid of racketeering activity fail to qualify as crimes of violence under § 924(c)(3)(A)'s force clause. Killing in furtherance of a CCE is not a crime of violence because it does not categorically require the use of any force by the defendant, nor the use of violent physical force at all, both of which are required under the force clause. Murder in aid of racketeering activity does not qualify because it may be accomplished without either intent to use force or the use of

violent physical force.  Because these underlying offenses do not require the government to prove that the defendant used violent physical force, they do not qualify as crimes of violence under the force clause of § 924(c)(3)(A).  *See, e.g., United States v. Jordan*, 812 F.3d 1183, 1186 (8th Cir. 2016) (A crime "does not qualify as a violent felony under the force clause" if "the government need not prove violent physical force . . . This is what separates the force clause from the residual clause.").[4]

## A. Killing Under 21 U.S.C. § 848(e)(1)(A) Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).

Killing in furtherance of a CCE, in violation of 21 U.S.C. § 848(e)(1)(A), does not categorically qualify as a crime of violence under § 924(c)(3)(A) for at least two reasons: (a) the killing may be accomplished without any use of force by the defendant; and (b) the killing may be accomplished without the use of *violent physical* force.

First, the force clause requires more than just the application of force by someone against an individual.  "Rather, the relevant inquiry is whether there is a substantial risk that the *defendant* will use physical force against the victim in completing the crime."  *Fuertes*, 805 F.3d at 500 (emphasis in original).  Thus, it is not enough that the defendant's actions may cause another person to apply force

---

[4] In *Jordan*, the Eighth Circuit analyzed the force clause under § 924(e), which is materially identical to the force clause found in § 924(c).

against the victim.  *Id.*; *accord United States v. Naughton*, 621 F. App'x 170, 177 (4th Cir. 2015) (holding that *Fuertes* "foreclosed" argument that use of force by others could be sufficient under force clause).

Section 848(e)(1)(A) provides, in pertinent part, that a defendant may be found guilty if, in furtherance of a CCE, he either "intentionally kills" *or* "counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results."  The plain language thus allows for a conviction in cases in which a party other than the defendant commits all acts necessary to complete the killing.  Courts have accordingly applied § 848(e)(1)(A) to cases where third parties perpetrated killings at the defendants' behest.  *See, e.g.*, *United States v. Cooper*, 19 F.3d 1154, 1157-58 (7th Cir. 1994) (detailing inducement-to-kill charge against capital defendant who had member of his drug ring kill FBI informant); *United States v. Chandler*, 950 F. Supp. 1545, 1553 (N.D. Ala. 1996) (describing murder-for-hire plot where defendant paid third party to kill man who threatened his marijuana-distribution business).  Because § 848(e)(1)(A) allows for conviction where a third party is the individual applying force (if any), killing in furtherance of a CCE cannot qualify as a crime of violence under the force clause.

Second, killing under § 848(e)(1)(A) fails to qualify as a crime of violence under § 924(c)(3)(A)'s force clause because the offense does not require the use of

14

violent physical force at all. "Physical force" means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). But the Fourth Circuit has recognized that "a crime may result in death or serious injury without involving use of physical force." *United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012) (emphasis in original). Instead, as courts around the country have recognized, crimes that involve intentional injury or killing may be accomplished by a variety of means that do not include the use of violent physical force. *See id.* at 168-69 (California offense of willfully threatening to commit a crime that will result in death or great bodily injury does not contain element equating to threat of violent force under U.S.S.G.§ 2L1.2); *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010) (same as *Torres-Miguel,* noting that poisoning does not require use of physical force); *United States v. Perez-Vargas*, 414 F.3d 1282, 1286 (10th Cir. 2005) ("[S]everal examples [exist] of third degree assault that would not use or threaten the use of physical force: . . . intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals."); *Chrzanoski v. Ashcroft*, 327 F.3d 188, 195 (2d Cir. 2003) (individual could be convicted of intentional assault in third degree for injury caused not by physical force, but by guile, deception, or even deliberate omission).

Because killing in furtherance of a CCE requires neither the use of force by the defendant nor the use of any violent physical force, a violation of § 848(e)(1)(A) does not qualify as a crime of violence under the force clause of § 924(c)(3)(A).

**B. Murder in Aid of Racketeering Activity Under 18 U.S.C. § 1959(a) Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).**

Murder in aid of racketeering activity under § 1959(a) also does not categorically qualify as a crime of violence under § 924(c)(3)(A) for at least two reasons: (a) the murder may be accomplished without intent, and, as with killing in furtherance of a CCE, (b) the murder may be accomplished without the use of violent physical force.

As to intent, the Fourth Circuit has held that the use of physical force required of a crime of violence must involve a level of intent beyond mere recklessness or negligence. *United States v. Vinson*, 805 F.3d 120, 125 (4th Cir. 2015); *see also McNeal*, 2016 WL 1178823, at \*12 ("[T]o qualify as a crime of violence, an offense must require either specific intent or knowledge with respect to the use, threatened use, or attempted use of physical force."); *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006) ("[R]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'"). The Supreme Court similarly has recognized that "the use . . . of physical force against

the person or property of another [] most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (citations and quotations omitted).

The federal definition of murder applicable to § 1959(a) is found at 18 U.S.C. § 1111(a). It provides:

> **(a)** Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
>
> Any other murder is murder in the second degree.

The Fourth Circuit has recognized that, although "murder [under § 1111] requires a showing of malice aforethought," "[t]o prove malice, the Government does not have to show an intent to kill or injure." *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003). Because an intent to kill or even to injure is not required, the mens rea required to sustain a murder conviction under § 1111 is "not enough to support a determination that a crime is a 'crime of violence.'" *Garcia*, 455 F.3d at 469; *see also Duarte v. United States*, 289 F. Supp. 2d 487, 491 (S.D.N.Y. 2003) (noting that section 1959(a) "draws no distinction between murder in the first and second degrees" and thus can be satisfied by proof of either). Because murder

17

under § 1111 (and hence § 1959(a)) does not categorically involve a specific intentional use of physical force, it is not a crime of violence under the force clause.

As to quantum of force, the Fourth Circuit has recognized that deaths occurring during the commission of a felony, without the use of any violent physical force by the defendant, can support convictions of murder under § 1111. For example, if a bystander suffers a heart attack while a defendant is committing or even merely attempting to commit a predicate felony, the defendant could be charged and convicted of murder despite having never used or threatened violent physical force. *See United States v. Whitfield*, 548 F. App'x 70, 71–72 (4th Cir. 2013) (per curiam) (upholding district court's finding under sentencing guidelines that victim was killed under circumstances constituting murder under § 1111 because death occurred during perpetration of a burglary or robbery), *aff'd*, *Whitfield v. United States*, 135 S. Ct. 785 (2015); *Whitfield v. United States*, No. 3:16–cv–00027, 2016 WL 427942, at *1 (W.D.N.C. Feb. 3, 2016) (noting "[u]pon seeing [defendant] enter her home, [the victim] became extremely agitated and began to cry and experience shortness of breath," defendant "ordered her from the hallway into another room and instructed her to sit down," and later "it was found that [the victim] had died from a heart attack"). Similarly, an accidental death occurring during a felony that resulted from only slightly offensive touching (such

as when a bystander falls to their death after being recklessly but only slightly brushed aside by a defendant in the act of committing a felony) would sustain a murder conviction but not involve the use of "force capable of causing physical pain or injury to another person," *Johnson*, 559 U.S. at 140, required to constitute a crime of violence.[5]  The lack of violent physical force required provides a second reason why murder in aid of racketeering activity does not qualify as a crime of violence under the force clause.

### III. MR. ROANE IS ENTITLED TO A COMPLETE RESENTENCING HEARING, INCLUDING RESENTENCING BY JURY ON THE CAPITAL COUNTS.

Once a court determines that certain of a defendant's convictions cannot stand, § 2255 "confers a 'broad and flexible' power to the district courts 'to fashion an appropriate remedy.'"  *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997) (quoting *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1996)).  The court may "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).  This Fourth Circuit has held that, where a § 924(c) count is vacated, "in most cases involving the mandatory consecutive . . . sentence, vacating that portion of the sentence radically changes the sentencing package."  *United States v. Smith*, 115 F.3d 241, 245 (4th

---

[5] A defendant could also be convicted of murder based upon intentional conduct that did not involve the use of violent physical force, as described fully in Section II.A, *supra*.

19

Cir. 1997) (citation omitted).  Thus, the most appropriate remedy in such cases is a complete resentencing on the remaining counts of conviction.  *Id.*  In the case of capital counts, any resentencing must be done by a jury, which alone has the power to find facts that make an individual death eligible.  *See Hurst v. Florida*, 136 S. Ct. 616, 619 (2016); *see also* 18 U.S.C. § 3593(b).

In this case, as described in *Smith*, the four illegal § 924(c) sentences radically change the entire sentencing package that was before the Court and the jury at Mr. Roane's original trial.  In light of the broad and equitable powers in § 2255(b), Mr. Roane respectfully requests that the Court vacate his death sentence and conduct a complete resentencing, including resentencing by jury on the capital counts.

<h1 style="text-align:center"><u>CONCLUSION</u></h1>

Mr. Roane's four convictions under § 924(c) are unconstitutional in light of the Supreme Court's holding in *Johnson*. The residual clause of § 924(c)(3)(B) is now unconstitutional in light of *Johnson*. Mr. Roane's four convictions under § 924(c) cannot be sustained under the force clause of § 924(c)(3)(A). Mr. Roane's claim in light of *Johnson* is properly based on a new rule of constitutional law that has been made retroactive by the Supreme Court and was previously unavailable. *See* 28 U.S.C. § 2255(h)(2). In light of *Johnson*, Mr. Roane's convictions for the use of a firearm during a crime of violence under 18 U.S.C. § 924(c) must be set aside because they are not supported by a valid crime of violence. And in light of the broad equitable powers in § 2255(b), the proper remedy is a complete resentencing, including resentencing by jury on the capital counts.

21

## REQUEST FOR RELIEF

Wherefore, based on the foregoing, Mr. Roane respectfully requests that the Court grant him the following relief:

(1) Leave to amend this motion;

(2) Leave to file a Memorandum of Law in support of this motion;

(3) Should it assist the Court, a status conference to discuss the timing of the above; and

(4) A Writ of Habeas Corpus to vacate Mr. Roane's § 924(c) convictions and all of his sentences, including his death sentence.

Respectfully Submitted,


/s/ Peter Williams
Peter Williams
Federal Community Defender Office
  for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Paul F. Enzinna
Law Office of Paul F. Enzinna, LLC
5425 Wisconsin Avenue, Suite 600
Chevy Chase, MD 20815
(240) 718-4500


Counsel for James H. Roane, Jr.

Dated:  May 20, 2016