IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In re: JAMES ROANE, JR. | ) | |
| | ) | No. 16-7 |
| Movant | ) | |
| | ) | |
| | ) | |
| | ) | |

**United States' Motion for a Three-Business-Day
Extension for Filing Its Response**

On Friday, May 20, 2016, defendant James Roane, Jr., filed a motion for
leave to file a successive habeas petition under 28 U.S.C. § 2255, and this Court
ordered the United States to file a response by Thursday, May 26, 2016. The
United States respectfully requests a three-business-day extension, making the
government's response due on Wednesday, June 1, 2016.

Defendant and two codefendants were sentenced to death in 1993 after more
than three weeks of trial and sentencing proceedings. Their convictions and death
sentences were affirmed on direct appeal. *United States v. Tipton*, 90 F.3d 861
(4th Cir. 1996). And their challenges to their convictions and death sentences were
also denied under § 2255. *United States v. Roane*, 378 F.3d 382 (4th Cir. 2004).
Defendants remain today subject to valid death sentences.

1

As this Court noted in defendant's direct appeal, the jury convicted him "of all three of the capital murders with which he was charged under [21 U.S.C.] § 848(e)." *Tipton*, 90 F.3d at 870.  Defendant was "also convicted of conspiracy to possess cocaine base with the intent to distribute (21 U.S.C. § 846), engaging in a CCE (21 U.S.C. § 848(a)), five counts of committing acts of violence (including the three killings charged under § 848(e)) in aid of racketeering activity (18 U.S.C. § 1959), four counts of using a firearm in relation to a crime of violence or drug trafficking crime (18 U.S.C. § 924(c)), and one count of possessing cocaine base with the intent to distribute (21 U.S.C. § 841(a)(1))." *Tipton*, 90 F.3d at 870.

As the above background shows, the record in this case is voluminous and takes time to review.  Moreover, the undersigned was engaged with other litigation over this past weekend and will be attending long-scheduled meetings with a number of participants from around the country at the U.S. Department of Justice in Washington, D.C. on May 25 and 26, 2016.  That leaves essentially Tuesday, May 24 for preparing a response to defendant's motion, and the undersigned will be spending part of that day traveling to Washington, D.C.

Although the government needs more time to evaluate defendant's claim more fully and write a pleading that will be helpful to the Court, defendant's claim is meritless.  In his application for a successive § 2255 motion, defendant challenges only his convictions under § 924(c).  As an initial matter, he did not receive a death sentence on those counts, and his pleading leaves unclear exactly

2

why he believes that even a successful challenge to the § 924(c) convictions should affect the death sentence imposed for his convictions under § 848 and form a basis for relief. But more fundamentally, defendant's entire argument for his successive § 2255 could not justify relief—even if he were correct in his stark, surprising, and wrong argument that the Supreme Court has declared that murder is no longer a crime of violence for § 924(c) and made that ruling retroactive.

Defendant's argument fails, even if this Court were to accept his view that murder is no longer a predicate for § 924(c), because defendant still has valid *drug-trafficking* predicates for each of his four § 924(c) convictions, and he cites to no authority that would authorize a successive challenge to those drug-trafficking predicates. Indeed, he barely acknowledges that his § 924(c) convictions had drug-trafficking predicates. But the indictment charged the drug-trafficking predicates for the § 924(c) counts; the jury instructions identified both crimes of violence *and drug-trafficking offenses* as predicates for the § 924(c) counts, trial tr. at 3222-23; and he was found guilty of the relevant drug-trafficking predicates.

Even on direct appeal, this Court has rejected challenges to § 924(c) convictions based on the principal authority that defendant invokes, *Johnson v. United States*, 135 S. Ct. 2551 (2015), when the § 924(c) conviction was supported by a drug-trafficking predicate offense. *See, e.g., United States v. Hare*, ---F.3d---, 2016 WL 1567051, *10 (4th Cir. Apr. 19, 2016). And each of defendant's four § 924(c) convictions included drug-trafficking offenses listed in the indictment as

3

predicates for each respective § 924(c), and the jury found defendant guilty of those drug-trafficking offenses. Specifically, defendant was convicted of the drug-trafficking crimes charged under 21 U.S.C. § 848(e)(1)(A) in counts 5, 8, and 11. He also was convicted of another drug-trafficking crime, count 1, in violation of 21 U.S.C. § 846.

Section 924(c)(2) provides, "For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.). . . ." Defendant's predicate offenses under 21 U.S.C. § 848(e)(1)(A) satisfy § 924(c)(2) because § 848(e) is a felony punishable under the Controlled Substances Act. *Cf. United States v. Nelson*, 484 F.3d 257 (4th Cir. 2007) (applying analogous reasoning that § 924(c) may could as a felony drug offense under § 841(b)(1)(B)). Defendant's § 924(c) convictions in counts 6, 9, and 12 are all supported by convictions under § 848(e)(1)(A), as charged in counts 5, 8, and 11 of the indictment.

His § 924(c) convictions in counts 6, 9, and 12 are also supported by a predicate offense charged in count 1, a violation of 21 U.S.C. § 846. Section 846 is, of course, another violation of the Controlled Substances Act and hence counts as a drug-trafficking crime. Likewise, defendant's § 924(c) conviction in count 15 is supported by count 1. Although this Court held in defendant's direct appeal that count 1 merged with another drug-trafficking offense, count 2, *see Tipton*, 90 F.3d at 891, that merger offers defendant no relief. Both § 846 charged in count 1 and

4

§ 848 charged in count 2 are drug-trafficking offenses, and regardless, a separate § 846 conviction need not stand as a separate offense to sustain the § 924(c) conviction. *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152-53 (4th Cir. 2002) (affirming § 924(c) conviction where charged predicate was assault with a weapon under 18 U.S.C. § 111(b), even though jury convicted only on lesser included offense of § 111(a), assault without a weapon).

To obtain authorization to file a successive § 2255, defendant must make a prima facie showing the he is presenting "a claim that 'relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *In re Vassell*, 751 F3d 267, 269 (4th Cir. 2014) (quoting 28 U.S.C. § 2244(b)(3)(C), (b)(2)(A)). But as just noted, quite apart from whether defendant has made a prima facie showing that the Supreme Court *itself* has declared that murder is not a crime of violence under § 924(c) and made that retroactive, defendant cannot establish an entitlement to relief under such a rule because the rule cannot help him. And as this Court has held, nothing in the standard for a prima facie showing "requires [this Court] to authorize a successive § 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F.3d at 271.

The United States briefly touches on the merits of this appeal here to assure the Court that the government has been seeking to work diligently on this matter. The government also believes that, in the end, defendant's application can be

denied on straightforward grounds, ones that the Court can resolve expeditiously. Nevertheless, the issue that defendant raises—whether murder remains a crime of violence for § 924(c) and likewise § 924(j)—is extremely important to the United States and the public. That issue itself warrants careful attention and rigorous briefing, in the event that the Court concludes that it is necessary to reach that issue. Because of timing constraints, an extension until June 1, 2016, would greatly assist the government in providing thorough briefing.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

### Certificate of Service

I certify that on May 23, 2016, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

_____/s/_____
Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office

Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471
richard.cooke@usdoj.gov