IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: JAMES ROANE, JR.<br><br>Movant | )<br>)<br>)<br>)<br>) | No. 16-6 |

**United States' Response to Successive § 2255**

Defendant James Roane, Jr. seeks leave to file a successive habeas petition under 28 U.S.C. § 2255, challenging his convictions under 18 U.S.C. § 924(c). He argues (1) that his § 924(c) convictions depend on a crime-of-violence predicate offense—namely, murder; (2) that murder qualifies as a crime of violence solely under § 924(c)(3)(B); and (3) that § 924(c)(3)(B) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act and applies retroactively in ACCA cases under *Welch v. United States*, 136 S. Ct. 1257 (2016). Defendant's motion should be denied. Each step in his argument fails.

A defendant seeking permission to file a successive § 2255 must show that "it appears reasonably likely that the motion satisfies the stringent requirements for the filing of a second or successive petition." *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citations and internal brackets omitted). But even under the prima-facie standard, this Court will not "authorize a successive § 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F3d 267, 271 (4th Cir. 2014) (rejecting

1

that defendant satisfied prima facie showing for successive § 2255 when claim was barred by statute of limitations).

Even though the prima-facie showing requires only a reasonable likelihood that the defendant can satisfy the standards for a successive § 2255, the requirements for successive § 2255s are highly stringent. A successive § 2255 requires, as relevant here, that a defendant be entitled to relief under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). This standard is satisfied "only when the Supreme Court declares the collateral availability of the rule in question." *United States v. Thomas*, 627 F.3d 534, 536 n.1 (4th Cir. 2010) (quoting *In re Vial*, 115 F.3d 1192, 1197 (4th Cir. 1997) (en banc); citing *Tyler v. Cain*, 533 U.S. 656, 662 (2001)). Just as most defendants cannot show a reasonable likelihood that the Supreme Court will reverse their convictions, so too most defendants cannot show a reasonable likelihood that they satisfy the narrow requirements for a successive habeas petition.

Defendant's application for a successive § 2255 fails for multiple reasons. First, his § 924(c) convictions all have separate, valid drug-trafficking predicates, and even on direct appeal, this Court has rejected out of hand *Johnson* challenges to § 924(c) convictions when the § 924(c) convictions were supported by both a valid drug-trafficking predicate and a contested crime of violence. *See, e.g., United States v. Hare*, ---F.3d---, 2016 WL 1567051, *10 (4th Cir. Apr. 19, 2016). *See also In re Thomas*, ---F.3d---, 2016 WL 3000325, *3 (11th Cir. May 25, 2016) (denying application for successive

§ 2255 motion challenging ACCA sentence where defendant's sentence was supported by prior convictions that did not depend on the ACCA's residual clause).

Second, *Johnson* expressly limited its ruling to invalidating the ACCA's residual clause, 135 S. Ct. at 2561, 2563, and in evaluating successive § 2255 motions, appellate courts "are confined to a consideration of constitutional law as it presently stands." *In re Garner*, 612 F.3d 533, 536 (6th Cir. 2010) (citing *In re Neville*, 440 F.3d 220, 221 (5th Cir. 2006) (per curiam)). And the Supreme Court just two weeks ago discussed 18 U.S.C. § 16, which has similar wording as § 924(c), and did not treat half of that statute, § 16(b), as unconstitutionally vague. *Torres v. Lynch*, 136 S. Ct. 1619, 1629-30 (2016). The dissent in *Torres* likewise did not raise any question about § 16(b)'s validity. *Id.* at 1637 & n.1.

Although defendants may argue on direct appeal that § 924(c)(3)(B) is unconstitutionally vague, a successive habeas petition is not a forum for courts to announce new extensions of Supreme Court constitutional rulings. Just as the defendant in *Garner* who was older than age 18 at the time of his offense, but claimed to have the mental capacities of a juvenile, could not invoke in a successive § 2255 the rule against executing juveniles, *see* 612 F.3d at 536, so too defendants cannot extend *Johnson* to § 924(c) in a successive § 2255. The standards for successive habeas petitions do not invert the second prong of plain error on direct appeal, *see, e.g., United States v. Graham*, ---F.3d---, 2016 WL ------ *--n.1, slip op. 5 n.1 (4th Cir. May 31, 2016) (en banc) (rejecting *Johnson* challenge to § 924(c) on direct appeal as barred under

second prong of plain error), and permit an unresolved extension of existing precedent to suffice to authorize a successive habeas petition—the tail end of § 2255 review. *See, e.g., United States v. Frady*, 456 U.S. 152, 166 (1982) ("We reaffirm the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."). The *possibility* that *Johnson* may later be extended to invalidate § 924(c)(3)(B) is not enough to support a successive habeas petition. Defendants seeking relief in a successive § 2255 must wait until settled precedent accepts the theory they advance, using a theory of relief that the Supreme Court itself has made retroactive. This requirement holds at the prima facie stage and thereafter, for even once a successive § 2255 motion is authorized, a defendant must still satisfy in the district court the standards in § 2255(h). *See, e.g., United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (after an appellate court authorizes successive habeas petition, the district "court must examine each claim and dismiss those that are barred under . . . § 2255 ¶ 8 [now § 2255(h)].").

Relying on the government's arguments about the limits on successive § 2255s and *Garner* and *Neville*, the First Circuit recently denied, after oral argument, an application for a successive § 2255 motion under *Johnson* challenging a § 924(c) conviction. *Turner v. United States*, no. 16-1145, (1st Cir. May 4, 2016). In keeping with the First Circuit's ruling in *Turner* and the Sixth and Fifth Circuits' rulings in *Garner* and *Neville*, this Court should not authorize defendants to seek to extend *Johnson* to 924(c) in the context of a successive § 2255. *See also In re Griffin*, ---F.3d---,

4

2016 WL 30002293, *5 (11th Cir. May 25, 2016) (denying application to file successive § 2255 that sought to extend *Johnson* to sentence imposed under mandatory guidelines and concluding extension was barred in successive habeas petition even apart from circuit precedent rejecting vagueness challenges to guidelines). Although the First Circuit has not ruled yet on the merits of whether *Johnson* invalidates § 924(c)(3)(B), the First Circuit correctly concluded that successive § 2255 motions may not be authorized for § 924(c) challenges under present law. Indeed, the only circuit specifically to rule on § 924(c)(3)(B)'s validity after *Johnson* has rejected such an extension of *Johnson*. *See United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016). Settled law does not establish the availability of relief in defendant's case.

Third, murder is correctly classified as a crime of violence under § 924(c)(3)(A), and defendant's arguments that murder could qualify as a crime of violence only under § 924(c)(3)(B) turns not on constitutional law and is instead a matter of statutory interpretation. But new rules of statutory interpretation fail to satisfy § 2255(h)(2). *In re Vial*, 115 F.3d at 1195; *In re Thomas*, 2016 WL 3000325 at *3.

Moreover, as explained more fully below, defendant is wrong as a matter of statutory interpretation. His narrow view of "physical force" under § 924(c) cannot be squared with Supreme Court precedent—such as the Court's recent acknowledgement that arson offenses involve "physical force." *Torres*, 136 S. Ct. at 1629-30 (majority); 1637 & n.1 (dissent). And in enacting the ACCA, Congress identified murder as an offense covered by the elements clause of the ACCA.

Congress concluded that offenses that have as "an element the use, attempted use or threatened use of physical force against a *person*" would "include such felonies involving physical force against a person such as murder, rape, assault, robbery, etc." *United States v. Mathis*, 963 F.2d 399, 407 (D.C. Cir. 1992) (quoting H.R. Rep. No. 849, 99th Cong., 2d Sess. 3 (1986)). The result is not different under § 924(c)(3)(A), which contains even *broader* language than the elements clause of the ACCA because § 924(c)(3)(A) expressly covers force against both persons and property.

Fourth, defendant has valid death sentences for his convictions under 21 U.S.C. § 848(e), which do not depend on a crime-of-violence classification. His challenge to separate § 924(c) convictions cannot be a basis for habeas relief. The facts that supported the § 924(c) convictions were appropriately before the jury and would have been before the jury regardless of the § 924(c) counts. A more forgiving harmlessness standard applies on collateral review, *United States v. Smith*, 723 F.3d 510, 512 (4th Cir. 2013) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)), and any error in imposing a consecutive sentence that follows a *now-final* death sentence is harmless on collateral review. Likewise, a defendant cannot maintain habeas litigation based on a special assessment. *United States v. Ross*, 801 F.3d 374, 381 (3d Cir. 2015) (A "special assessment does not constitute any meaningful restriction on" a defendant's "liberty, let alone a severe restriction cognizable under section 2255.").

## I.

Defendant and two codefendants were sentenced to death in 1993 after more than three weeks of trial and sentencing proceedings. Their convictions and death sentences were affirmed on direct appeal. *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), *cert. denied*, 520 U.S. 1253 (1997). And their challenges to their convictions and death sentences were also denied under § 2255. *United States v. Roane*, 378 F.3d 382 (4th Cir. 2004), *cert. denied*, 546 U.S. 810 (2005). Defendants remain today subject to valid death sentences.[1]

Defendant's criminal conduct was exceptionally serious—even for homicide defendants. As this Court noted in defendant's direct appeal, the jury convicted him "of all three of the capital murders with which he was charged under [21 U.S.C.] § 848(e)." *Tipton*, 90 F.3d at 870. Defendant was "also convicted of conspiracy to possess cocaine base with the intent to distribute (21 U.S.C. § 846), engaging in a CCE (21 U.S.C. § 848(a)), five counts of committing acts of violence (including the three killings charged under § 848(e)) in aid of racketeering activity (18 U.S.C. § 1959), four counts of using a firearm in relation to a crime of violence or drug trafficking crime (18 U.S.C. § 924(c)), and one count of possessing cocaine base with the intent to distribute (21 U.S.C. § 841(a)(1))." *Tipton*, 90 F.3d at 870.

Notably, as both defendant's indictment and the jury instructions reflected, defendant's four convictions under § 924(c) each had multiple predicate offenses that

---

[1] No execution date has been set because of ongoing litigation over the federal lethal injection protocol. *See, e.g., Roane v. Leonhart*, 741 F.3d 147 (D.C. Cir. 2014).

included both crimes of violence and drug-trafficking offenses. Defendant's § 924(c)

offenses are as follows:

| § 924(c) count | Date | Predicate offenses |
|---|---|---|
| Count 6 | Jan. 13, 1992 | Count 1 (21 U.S.C. § 846)<br>Count 5 (21 U.S.C. § 848(e)(1)(A))<br>Count 7 (18 U.S.C. § 1959) |
| Count 9 | Jan. 14, 1992 | Count 1 (21 U.S.C. § 846)<br>Count 8 (21 U.S.C. § 848(e)(1)(A))<br>Count 10 (18 U.S.C. § 1959) |
| Count 12 | Jan. 29, 1992 | Count 1 (21 U.S.C. § 846)<br>Count 11 (21 U.S.C. § 848(e)(1)(A))<br>Count 13 (18 U.S.C. § 1959) |
| Count 15 | Feb. 1, 1992 | Count 1 (21 U.S.C. § 846)<br>Count 14 (18 U.S.C. § 1959)<br>Count 16 (18 U.S.C. § 1959) |

In his application for a successive § 2255 motion, defendant challenges only his

convictions under § 924(c)—counts 6, 9, 12, and 15. Again, he did not receive a death

sentence on those counts, and he fails to show that the existence of the § 924(c)

counts—as opposed to the facts supporting those counts—affected the death

sentence imposed for his convictions under § 848. Even if defendant could vacate the

§ 924(c) counts, that should have no effect on his death sentence and hence should

not provide a basis for successive habeas relief. But as explained next, defendant's

arguments fail for a series of additional grounds.

## II.

*1.* *Defendant's § 924(c) counts are supported by valid drug-trafficking predicates not even arguably affected by* **Johnson.**

Defendant's application for a successive § 2255 should be denied because defendant still has valid *drug-trafficking* predicates for each of his § 924(c) convictions. Defendant cites to no authority that would authorize a successive challenge to those drug-trafficking predicates, and he barely acknowledges that his § 924(c) convictions had drug-trafficking predicates. But the indictment charged the drug-trafficking predicates for the § 924(c) counts; the jury instructions identified both crimes of violence *and drug-trafficking offenses* as predicates for the § 924(c) counts, trial tr. at 3222-23; and he was found guilty of the relevant drug-trafficking predicates.

Critically, both count 1, charging a violation of 21 U.S.C. § 846, and counts 5, 8, and 11, charging violations of 21 U.S.C. § 848(e)(1)(A), qualify as drug-trafficking offenses. Section 924(c)(2) defines a "drug-trafficking crime" for § 924(c). Section 924(c)(2) provides, "For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.). . . ." Defendant's predicate offenses under 21 U.S.C. § 848(e)(1)(A) satisfy § 924(c)(2) because § 848(e) is a felony punishable under the Controlled Substances Act. *Cf. United States v. Nelson*, 484 F.3d 257 (4th Cir. 2007) (applying analogous reasoning that § 924(c) may count as a felony drug offense under § 841(b)(1)(B)). In short, defendant's § 924(c) convictions in counts 6, 9, and 12 are all supported by convictions under § 848(e)(1)(A), as charged in counts 5, 8, and 11 of the indictment.

Defendant's § 924(c) conviction in count 15 is also supported by a predicate offense charged in count 1, a violation of 21 U.S.C. § 846. Section 846 is, of course, another violation of the Controlled Substances Act and hence counts as a drug-trafficking crime. Although this Court held in defendant's direct appeal that count 1 merged with another drug-trafficking offense, count 2, charging a violation of § 848, *see Tipton*, 90 F.3d at 891, that merger offers defendant no relief. Both § 846 charged in count 1 and § 848 charged in count 2 are drug-trafficking offenses, and regardless, a separate § 846 conviction need not stand as a separate offense to sustain the § 924(c) conviction. *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152-53 (4th Cir. 2002) (affirming § 924(c) conviction where charged predicate was assault with a weapon under 18 U.S.C. § 111(b), even though jury convicted only on lesser included offense of § 111(a), assault without a weapon).

As noted above, even on direct appeal, this Court has rejected challenges to § 924(c) convictions based on *Johnson* when the § 924(c) conviction was supported by a drug-trafficking predicate offense. *Hare*, ---F.3d---, 2016 WL 1567051 at *10. And each of defendant's five § 924(c) convictions included a separate drug-trafficking offense listed in the indictment as predicates for each respective § 924(c), and the jury found defendant guilty of those drug-trafficking offenses. Specifically, defendant was convicted of the drug-trafficking crimes charged under 21 U.S.C. § 846 and § 848(e)(1)(A) in counts 1, 5, 8, and 11. This point alone terminates defendant's argument that he should be permitted to file a successive § 2255. This Court will not

"authorize a successive § 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F.3d at 271. To the extent defendant quarrels with the jury instructions, first, under this Court's precedent, the classification of an offense as a crime of violence or drug-trafficking crime is for the court, not the jury, *United States v. Adkins*, 937 F.2d 947, 950 n.2 (4th Cir. 1991), and second, a successive § 2255 cannot be authorized for an alleged error in jury instructions.

### 2. *Courts may not extend* Johnson *to other legal contexts outside the* ACCA *in a successive habeas petition.*

*Johnson* invalidated "the 'residual clause' *of the ACCA*," *Pakala v. United States*, 804 F.3d 139, 139 (1st Cir. 2015) (per curiam) (emphasis added), based on "[t]wo features" that "conspire[d]" to make it vague: (1) the difficulty of determining how much risk is required, and (2) the application of a risk-based standard to a hypothetical "ordinary case." *Johnson*, 135 S. Ct. at 2557, 2558. The Supreme Court emphasized, however, that its ruling should not be understood to raise doubts about (much less invalidate) other laws using similar risk-based language. *Id.* at 2561 ("The Government and the dissent next point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. . . . Not at all."). *Welch* reaffirmed this point, emphasizing that *Johnson* "cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages in a particular occasion.'" 136 S. Ct. at 1261. Because *Johnson* did not address § 924(c)(3)(B)'s residual clause, it did not

invalidate that clause of its own force. *See Taylor*, 814 F.3d at 378 (*Johnson* "stressed that its reasoning did not control other statutes that refer to predicate crimes"; rejecting vagueness challenge to Section 924(c)).

To be sure, *Johnson*'s reasoning provides an additional basis for challenging other differently worded residual clauses in different statutes, and some courts have extended *Johnson* in this manner. *See United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) ("Applying *Johnson*'s reasoning here, we conclude that Section 16(b) is unconstitutionally vague."); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (same). Although the merits are not before the Court at this time, *see, e.g., Evans-Garcia v. United States*, 744 F.3d 235, 237 (1st Cir. 2014), it is enough to note that these decisions cannot bear the weight defendant assigns to them because they were decided on direct appeal (or on a petition for review of an agency determination), a setting where appellate courts appropriately decide whether to modify or refine precedent. *See generally United States v. George*, 676 F.3d 249, 258 (1st Cir. 2012) ("[D]irect review is more defendant-friendly than post-judgment review."). This is a successive collateral attack on a final judgment, however, and defendant must shoulder a far greater burden here out of respect for the heightened finality interests at stake. *Id.* ("[A]n initial habeas petition is easier for a criminal defendant to litigate than a successive one."). To meet that burden, it is not enough for defendant to argue what the law *should* be; rather, he must present a claim that is based on what the law *is* and has been recognized to be. Where a claim depends on the *extension* of

precedent, it follows that authorization cannot be granted because the Court would need to announce a new rule of law for the first time in the defendant's own case, which it cannot do. *Cf. Tyler*, 533 U.S. at 667 (holding that the Supreme Court cannot "today" make a new rule retroactive in the defendant's own case for purposes of a successive application).

The statutes regulating successive § 2255 motions support this view. Acting in their gatekeeping capacity, the courts of appeals are not asked to conduct a plenary merits review in these cases; instead, they need only decide whether the defendant has made a "prima facie showing" that his claim satisfies one of two narrow sets of statutory criteria. 28 U.S.C. § 2244(b)(3)(C). And in making that determination, Congress has imposed strict procedural limitations: the proceedings are truncated, often non-adversarial, and subject to expedited disposition. 28 U.S.C. § 2244(b)(3)(D) (applications must generally be decided within 30 days). The 30-day time frame for decision in particular is evidence that Congress generally intended the courts of appeals, acting as gatekeepers, to make a quick up-or-down determination after comparing the defendant's allegations to the statutory conditions for authorization without the need to undertake difficult legal analysis. *See Ashley v. United States*, 266 F.3d 671, 673 (7th Cir. 2001) ("[s]hortness of time" for resolving successive applications "implies a mechanical process; all the court need do is look up an answer in the United States Reports"); *cf. Tyler*, 533 U.S. at 664 (AEDPA's "stringent time limit" means that the courts of appeals should not have to undertake "the difficult

legal analysis that can be required to determine questions of retroactivity in the first instance"). Accordingly, when an application depends on the extension of precedent rather than its application, authorization should be denied.

This Court should deny defendant's application because it is "clear as a matter of law," from both *Johnson*'s holding and its express disavowal of an intent to cast doubt on the constitutionality of other statutes, that defendant's "identified constitutional rule"—*i.e.*, *Johnson*'s rule invalidating the ACCA's residual clause— "does not apply" to defendant's situation because defendant is not challenging an ACCA-enhanced sentence. There may be reasonable arguments why the *Johnson* rule *should* be extended to a situation like defendant's, but that is insufficient to justify a successive collateral attack. *In re Garner* illustrates this point. Garner sought leave to file a successive collateral attack based on *Roper v. Simmons*, 543 U.S. 551 (2005), which held that the Eighth Amendment forbids the execution of a defendant who was 18 at the time of his crime. Although Garner conceded that he was more than 18 years old at the time of his crime, he argued that his death sentence was invalid under *Roper* because he had the mental age of a 14-year-old. The Sixth Circuit denied Garner's application because *Roper* had not articulated the rule of law upon which Garner's claim was based: "[t]he *Roper* Court did not hold that the Eighth Amendment prohibits a death sentence for an offender with a 'mental age' of less than 18. Rather, *Roper* clearly held that a sentence of death may not be imposed upon an offender with a *chronological* age of less than 18." *Id.* at 535-536 (emphasis in original). And while the

court acknowledged reasonable policy arguments supporting Garner's novel mental-age rule, "in this analysis," the court, acting as a gatekeeper, is "confined to a consideration of constitutional law as it presently stands," and because Garner's claim depended on a novel "extension of the law," Garner, by definition, had not made a *prima facie* showing. *Id.*; *see also In re Neville*, 440 F.3d 220 (5th Cir. 2006) (denying leave to file successive motion that sought an extension of a new rule). The same reasoning applies here. And nothing in *Welch* leads to a different result. Defendant's application should therefore be denied.

The denial of a defendant's application is without prejudice to his right to file a new application in the event the law changes. *See Hernandez v. United States*, 226 F.3d 839, 841 (7th Cir. 2000). The courts of appeals to consider *Johnson*'s applicability to statutes other than the ACCA have divided on that question, and the Fifth Circuit recently heard en banc argument on § 16(b)'s constitutionality after granting rehearing in *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016). The existence of a circuit conflict creates a reasonable probability that the Supreme Court will grant certiorari, *see* S. Ct. R. 10(a), and that likelihood is enhanced by the fact that the conflict concerns the constitutionality of a federal statute. If and when the Supreme Court eventually grants review and holds that *Johnson* extends to statutes like § 924(c), then a defendant could, within a year of that new decision, file a new application requesting leave to file a successive § 2255 motion invoking that new rule of law. Of course, even then, defendant's claim would fail for the other reasons stated in this

response, but other defendants seeking to challenge a § 924(c) conviction could obtain authorization for a successive § 2255 then.

### 3. Murder offenses satisfy § 924(c)(3)(A), and regardless that question of statutory interpretation fails to satisfy the standard for a successive § 2255.

No federal court has held after *Johnson* that murder is not a crime of violence. Defendant argues that murder does not satisfy § 924(c)(3)(A) because (1) murder may be accomplished through poisoning, (2) poisoning allegedly does not involve "physical force," and (3) murder is not divisible. He also argues that when a defendant is convicted via an aiding-and-abetting theory, the defendant's conviction falls outside § 924(c)(3)(A), and that maiming in aid of racketeering is not a crime of violence. The government will start with this last point.

Maiming in aid of racketeering under § 1959(a)(2) and murder in aid of racketeering under § 1959(a)(1) are separate offenses, have separate elements, and carry different penalties—a statutory maximum of 30 years versus a sentence of mandatory life. Notably, every one of defendant's § 924(c) counts was supported by a count expressly charging *murder* in aid of racketeering. Counts 7, 10, 13, and 14 all charged murder in aid of racketeering; the jury found the requisite intentional killings, as the verdict forms show; and life was imposed for each count, a sentence above § 1959(a)(2)'s maximum.

The aiding-and-abetting argument fares no better. Aiding-and-abetting liability makes the aider and abettor liable to the same extent as the principal. *See, e.g.,*

*Rosemond v. United States*, 134 S. Ct. 1240, 1249 (2014).  When a principal's § 924(c)

offense involves the principal committing a predicate crime of violence that satisfies

§ 924(c)(3)(A), the principal's offense is complete, and the aider and abettor need not

separately engage in conduct satisfying all the elements of § 924(c).  *Id.* at 1246-47.  If

defendant's theory were right, literally no federal offense could satisfy § 924(c)(3)(A)

because 18 U.S.C. § 2 can always apply to § 924(c)—as well as simply to the predicate

crime of violence.  But that is obviously false.

Defendant's argument that murder can be accomplished without force should

be rejected too.  First, defendant's narrow view of force would erroneously imply that

murder has never been properly classified as a crime of violence under § 924(c)—even

without *Johnson*.  Section 924(c)(3)(B), like § 16(b), turns on "a substantial risk that

*physical force* against the person or property of another may be used in the course of

committing the offense."  Section 924(e)(2)(B)(ii) of the ACCA, in contrast, applies to

"any crime" that "involves conduct that presents a serious potential risk of *physical*

*injury* to another."  Because both prongs of the crime-of-violence definitions in

§ 924(c)(3) and § 16 turn on "physical force," defendant's theory that murder can be

accomplished without force, particularly when combined with his nondivisibility

argument, would imply that murder could never be a crime of violence under either

statute even before *Johnson*.  But again that is obviously wrong.

More fundamentally, defendant's theory cannot be reconciled with either

Supreme Court precedent or the structure and legislative history of the statute.

Courts "must, as usual, 'interpret the relevant words not in a vacuum, but with reference to the statutory context.'" *Torres*, 136 S. Ct. at 1626 (quoting *Abramski*, 134 S. Ct. 2259, 2267 (2014)). While interpreting the ACCA's elements clause, the Supreme Court has defined "physical force" as "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). But the Court did not limit the means of causing injury, and the Court later *rejected* a defendant's argument that "although '[p]oison may have 'forceful physical properties' as a matter of organic chemistry, . . . no one would say that a poisoner 'employs' force or 'carries out a purpose by means of force' when he or she sprinkles poison in a victim's drink.'" *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014). More recently, in concluding that arson may involve "physical force" within the meaning of § 16, the Supreme Court concluded that some state arson offenses would fall outside the scope of § 16 not because burning property does not involve "physical force," but because § 16 is limited to physical force against the "property of another." Hence, § 16 "would not reach arson in the many States defining that crime to include the destruction of one's own property." *Torres*, 136 S. Ct. at 1630. And as the dissent in *Torres* noted, this Court has already agreed with the broad reading of "physical force" under § 16. *Id.* at 1637 n.1 (citing *Mbea v. Gonzales*, 482 F.3d 276, 279 (4th Cir. 2007)).

The legislative history of § 924(c) confirms this reading. When the crime of violence standard was added to § 924(c) in 1984, *see, e.g., Bailey v. United States*, 516 U.S. 137, 147-48 (1995), a Senate report explained that § 924(c) would reach offenses such

as bank robbery under 18 U.S.C. § 2113(a) and assaulting a federal officer under 18 U.S.C. § 111. "As amended by Part D, Section 924(c) provides for a mandatory, determinate sentence for a person who uses or carries a firearm during and in relation to any federal 'crime of violence,' including offenses such as bank robbery or assault on a federal officer." S. Rep. 98-225, 98th cong., 1st sess., 1984 U.S.S.C.A.N. 3182, 3491 (Aug. 4, 1983). These are offenses that satisfy the elements clause of § 924(c), as confirmed by the legislative history of the ACCA. As the D.C. Circuit has noted, Congress concluded that offenses that have as "an element the use, attempted use or threatened use of physical force against a *person*" would "include such felonies involving physical force against a person such as murder, rape, assault, robbery, etc." *Mathis*, 963 F.2d at 407 (quoting H.R. Rep. No. 849, 99th Cong., 2d Sess. 3 (1986)). It is profoundly unpersuasive that assaulting a federal officer under § 111 would count as a crime of violence under § 924(c)(3), but that murder does not.

Likewise, using the slight force needed to pull the trigger of a gun, causing death, constitutes a use of physical force. *Castleman*, 134 S. Ct. at 1415 (citing that example). *Cf. Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (interpreting § 16(a) and concluding that "a person would 'use . . . physical force against' another when pushing him"). Indeed, "Specifying that 'physical force' must rise to the level of bodily injury does not suggest that without the qualification 'physical force' would consist of the merest touch. It might consist, for example, of only that degree of force necessary to inflict pain—a slap in the face, for example." *Johnson*, 559 U.S. at 143.

Defendant's view would also gut the federal solicitation statute, 18 U.S.C. § 373, which was enacted in 1984 when Congress added the crime of violence standard to § 924(c), and § 373 has *solely* an elements clause. Yet § 373 does cover solicitation to commit murder. *United States v. Cardwell*, 433 F.3d 378 (4th Cir. 2005). Defendant argues that felony-murder liability eliminates murder from § 924(c)(3)(A) and § 373. But that is wrong. First, the jury in this case was not instructed on felony-murder liability, illustrating its divisibility, and felony-murder law would satisfy § 924(c)(3)(A) even if applied through § 1959(a)(1). *See, e.g., Wooden v. Commonwealth*, 284 S.E.2d 811 (Va. 1981). Defendant's arguments also rely on *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), and other cases that do not construe § 924(c), predate Supreme Court cases like *Castleman* and *Torres*, and would result, on defendant's view, in no federal offense ever satisfying § 924(c)(3)(A). Even this Court's recent ruling in *United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016), holding that bank robbery satisfies § 924(c)(3)(A), would be wrong on defendant's view because bank robbery can be accomplished by shoving a bank teller to the ground while robbing the bank. But both bank robbery and murder are paradigmatic crimes of violence, as Congress recognized.

Respectfully submitted,

Dana J. Boente
United States Attorney

20

By:     /s/

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471

## Certificate of Service

I certify that on June 1, 2016, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

/s/

Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building
Richmond, Virginia 23219
(804) 819-5471
richard.cooke@usdoj.gov