As I've outlined for you, those offenses are in Counts Four, Seven, Ten, Thirteen, Fourteen, Sixteen, Twenty-one, Twenty-two, Twenty-three, Twenty-seven, Twenty-eight, Twenty-nine, and Thirty of the indictment.

"Racketeering activity" means any act or threat involving murder or dealing in narcotic or other dangerous drugs. An enterprise includes any group of individuals associated in fact which is engaged in or the activities of which affect interstate commerce. The phrase "anything of pecuniary value" means anything of value in the form of money or negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

It is charged in the indictment that within the Eastern District of Virginia, between on or about January 13th, 1992 and on or about February 19th, 1992, the defendants Richard Tipton, Cory Johnson, James H. Roane, Jr., Vernon Lance Thomas, and Sterling Hardy used a firearm during and in relationship -- or in relation to the commission of a crime of violence or a drug-trafficking crime.

Now again, as I mentioned with respect to some of the charges I discussed earlier, no single

defendant is charged in each of these counts. The verdict form will assist you in keeping track of which defendants are charged in which counts and in giving individual consideration to each defendant for each count against him or her.

Let me read the firearms statute. And the firearms violations are contained in Counts Six, Nine, Twelve, Fifteen, Twenty, and Twenty-six. Title 18 United States Code Section 924(c)(1) provides in pertinent part: Whoever during and in relation to any crime of violence or drug trafficking crime for which he may be prosecuted in a Court of the United States uses or carries a firearm shall be guilty of a crime against the United States.

In order to sustain its burden of proof of the crime of using or carrying a firearm during and in relation to a crime of violence or drug trafficking crime as charged in Counts Six, Nine, Twelve, Fifteen, Twenty, and Twenty-six of the indictment, the government must prove the following two essential elements beyond a reasonable doubt: One, the defendant committed the crime as charged in the indictment; and two, during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm.

The term "crime of violence" means an offense that is a felony and has as one of its essential elements the use, the attempted use, or threatened use of physical force against the person or property of another, or an offense that by its very nature involves a substantial risk that such physical force may be used in committing the offense.

The term "drug trafficking crime" means an offense that is a felony and involves the distribution, manufacture, or importation of any controlled substances, or the conspiracy to distribute, import, or manufacture controlled substances. The offenses alleged in Counts Three, Four, Five, Seven, Eight, Ten, Eleven, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty-one, Twenty-two, Twenty-three, Twenty-four, Twenty-five, Twenty-seven, Twenty-eight, Twenty-nine, Thirty, Thirty-one, Thirty-two, and Thirty-three are crimes of violence or drug trafficking crimes.

Title 18 United States Code Section 92(1)(a)(3) defines firearm is including any weapon which will or is designed to, or may readily be converted to expel a projectile by the action of an explosive, the frame or receiver of any such weapon. You need not find that the firearm was loaded or that it was operable

05947